UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

| | |
|---|---|
| ROLONDA BRIDGEWATER f/k/a Rolonda "Ro" Frazier, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ASSURANT, INC. and AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA d/b/a Assurant, | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

Plaintiff ROLONDA BRIDGEWATER ("Bridgewater" or "Plaintiff"), sues the Defendants ASSURANT INC. (individually "Assurant") and AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA d/b/a Assurant (individually "ABLA") (collectively the "Defendants"), and alleges as follows:

## NATURE OF ACTION

1.     This action arises out of Plaintiff's employment relationship with Defendants, including her wrongful termination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

1

## PARTIES

2.     At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

3.     Plaintiff was an "employee" of Defendants as defined by the ADA, 29 U.S.C. § 630(f), Title VII, and applicable Florida law.

4.     At all times material, Assurant was a "person" and "employer" under the ADA, 29 U.S.C. § 630(a) and (b), and Title VII.

5.     At all times material, ABLA was an "person" and "employer" under the ADA, 29 U.S.C. § 630(a) and (b), and Title VII.

6.     Each Defendant employs more than 15 employees, and each Defendant was Plaintiff's employer within the meaning of the ADA, ADEA, and Title VII.

7.     At all times material, Assurant was a foreign corporation doing business in Miami-Dade County, Florida.  Assurant is and at all times relevant was, a multimillion-dollar insurance company and its business activity affected interstate commerce.

8.     At all times material, ABLA was a Florida company doing business in Miami-Dade County, Florida. ABLA, is and at all times relevant was, a multimillion-dollar insurance company and its business activity affected interstate commerce.

9.     Defendants are joint employers, an integrated enterprise, or an agent of each other. They share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.

10.    Alternatively, Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

2

## JURISDICTION AND VENUE

11.     The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626(c)(1) *et seq*., 28 U.S.C. §1331; 28 U.S.C. §1343(3) and (4); 28 U.S.C. §2617; 28 U.S.C. § 1332; 28 U.S.C. § 1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by the ADA, ADEA, and Title VII.

12.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendants have offices and conduct business in Miami-Dade County, Florida. In addition, the employment records of Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

## PROCEDURAL REQUIREMENTS

13.     Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

14.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants.

15.     On January 6, 2020, the EEOC concluded that the evidence obtained in its investigation established *reasonable cause* to believe that Defendants discriminated against Plaintiff and violated the law under Title VII, the ADA, and the ADEA.

16.     On or about January 12, 2021, the EEOC issued a Right to Sue Letter. The instant action is being filed within 90 days from receipt of the Right to Sue Letter.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

## **GENERAL ALLEGATIONS**

17.     Plaintiff is a darker complexioned, African American woman.

18.     At all times relevant, Plaintiff was and is, at all times relevant, a qualified individual with a disability or is and has been regarded as disabled by Defendants and/or was identified as meeting the definition of a disabled person by the EEOC.

19.      Plaintiff began working for Defendants on or about November 26, 2012.

20.     At the time of her wrongful termination, Plaintiff was working for defendants as a Help Desk Analyst 2.

21.     During her tenure with Defendants, Plaintiff was considered a good employee and her work was admired and recognized by her colleagues.  During her time with Defendants she was awarded "Best Customer Service" and "Best Innovator."

22.     Less qualified employees than Plaintiff, including Ms. Char Nelson and Charlie White, both white, non-African American and non-disabled employees, received promotions that Plaintiff was more than qualified to receive but did not. Specifically, Ms. Nelson was made a Lead Trainer when Plaintiff was next in line to receive that position and Charlie White was promoted to Trainer. Plaintiff did not receive any promotions.

23.     When supervisor Craig Ryan saw Defendants' disparate treatment toward Plaintiff, he stood up for Plaintiff and spoke up suggesting that Plaintiff was "a much better fit" for the promotions. In response, the Defendants demoted Mr. Ryan.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

4

24.     On or about February of 2014, Defendants instructed Plaintiff to train a white, non-African American employee, Kenny Anderson. Kenny Anderson too was promoted to Trainer while Plaintiff was not.

25.     On or about April 30, 2014, filled with hope, Plaintiff sent an application for the position of Mobile Services Business Unit Systems Analyst. She was denied the position while, upon information and belief, a non-African American employee was selected for the position.

26.     On or about June 17, 2014, Plaintiff applied for the position of Director/ Technical Support position with Defendants. Later, on or about July 10, 2014, Plaintiff also applied for the position of Customer Service Manager with Defendants. She was denied both positions. Upon information and belief, non-African American employees were selected for these positions.

27.     Frustrated, Plaintiff objected to the clear favoritism for non-African American employees and complained that she deserved a promotion.

28.     On or around July 11, 2014, Plaintiff's supervisor, Michael Hoefel ("Supervisor Hoefel"), a white employee, held an African American doll of Lebron James with a belt fashioned into a noose while he beat the doll with a telephone and mimicked Lebron's lynching.

29.     Supervisor Hoefel engaged in the above despicable and racist actions in front of Plaintiff and her non-African American co-workers at the office. Plaintiff was the only African American employee present when Supervisor Hoefel mimicked the lynching of Lebron James.

30.     Appalled and in disbelief, Plaintiff objected to her supervisor's racism and took a picture of the incident. *See* **Exhibit "A"**.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

31.     On July 13, 2014, Plaintiff reported the incident of the lynching and beating of the Lebron James doll to Defendants' Human Resources Director, Heather Ward, who is a White person, and informed the Assistant Vice President in the Information Technology department, Kathy Kozlowski, who also is a White person, about the racially charged and offensive conduct. Defendants ignored Plaintiff and failed to investigate the mimicking of Lebron's lynching at Defendants' office.

32.     Then, during August 2014, while attending an Assurant award ceremony, Supervisor Hoefel stated to Plaintiff that Joseph Smith, who was an African-American male accompanying Plaintiff, had to leave because one of the Defendant's vendors, who was a White woman, was scared of Mr. Smith. When Plaintiff inquired as to whether the White female was scared of Mr. Smith because he was a tall Black man, Supervisor Hoefel replied that Mr. Smith was made to leave because the woman was "claustrophobic." Again, Plaintiff was sickened, disgusted and shocked.

33.     Although, during or around July or August 2014, the Assistant Vice President Kozlowsi stated, while beating her hand on a conference table, that Plaintiff would never receive a job promotion, Plaintiff, in disbelief, continued – in vain – to apply for better jobs at the Defendants. Between August of 2014 through May of 2015, Plaintiff applied for the positions of Human Resources Administrative Coordinator, Data Specialist 2, Client and Call Center Specialist Trainer, Senior Quality Trainer and Quality Improvement Specialist, and SIU Operations Analyst. Defendants denied Plaintiff each application and, upon information and belief, the positions were filled by non-African Americans.

34.     Even when Plaintiff was given an interview, and told that she was qualified for the position, her white counterparts were selected over her. For instance, Plaintiff applied for the Incident Manager position, and according to the interviewer, Bob Strong, Plaintiff impressed him with her abundant knowledge regarding the duties and responsibilities of the position. However, Defendants promoted William Van Duynhoven, a White male instead. Also, Plaintiff applied for the Special Investigator position and one of the interviewers, Jeff Schesslinger, said she was more prepared than any candidate, but the Assistant Vice President Kozlowski would not "clear her."

35.     At the close of discovery, Plaintiff will prove that all or most of the positions Plaintiff applied for were given to non-African Americans, mostly white employees, and that the favoritism occurred on the basis of Plaintiff's race.

36.     In November 14, 2014, Plaintiff sent an email to the HR director Rod Pauldin regarding retaliation, and stated that she had not heard back since she had spoken to Defendants regarding the incident and had submitted emails with pertinent evidence that were being ignored, and asked whether that could be considered acts of retaliation.

37.     On or about November 2014, Plaintiff learned that Defendants had finally decided to look into the mimicking of Lebron James' lynching at Defendants' office, which Plaintiff reported back in July of 2014.

38.     On November 17, 2014, Plaintiff personally spoke with investigator, Rod Paulson who conveyed to Plaintiff that, in his opinion, Michael Hoefel needed to be demoted due to his racist actions and that Plaintiff should be re-incorporated to her former team.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

39.     On or about December of 2014, Plaintiff heard that a position as "HD Manager" would open up and that Plaintiff would be a great fit for that position. Logically, Plaintiff again full of hope applied for the position to once again be denied the opportunity.

40.     On that same month, Plaintiff also learned of an insignificant increase in her salary, and a very negative employment evaluation, which resulted in Plaintiff receiving diminished opportunities for a bonus.

41.     As a result, Plaintiff became extremely frustrated and felt denigrated and insulted. She realized that no matter how hard she tried, she would never get a promotion due to her race. She also felt that the Defendants were "getting back" at her for complaining about racial discrimination at work and/or retaliating against her.

42.     Additionally, Plaintiff endured discrimination because of her age. For example, during a Team Meeting, Assistant Vice President Kozlowski stated that she wished that she could "fire all the old people and keep all the young people." Plaintiff noticed that Kozlowski then began to hire individuals under 40 years of age for the Help Desk positions. Plaintiff complained about Kozlowski's statement but, again, nothing was done.

43.     Plaintiff began to endure panic attacks, became mentally distressed and had to go see doctors about her mental stability and decaying physical and mental health.

44.     Plaintiff asked for help. Specifically, she requested that the Defendants allow her to telework or to provide her with better shifts but was summarily denied both without the completion of the interactive process. Plaintiff further requested much needed FMLA leave due to her serious medical condition and disability.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

45.     Defendants replied allowing Plaintiff to take FMLA leave but denied her to telework or to give her better shifts. Because of Defendants' seniority system, Plaintiff should have been granted her request to regain her old shift but again, Defendants would not bulge. Plaintiff objected, but to no avail.

46.     On May 6, 2015, Plaintiff emailed HR personnel Rod Pauldin asking if he had a copy of the findings of the investigation as she had still not received any findings. On May 7, 2015, Rod Pauldin emailed her a Complaint number.

47.     On May 8, 2015, Plaintiff stated that her supervisor Tammy Cardona had been insulting her on the floor and telling her to use her "common sense," and her supervisor Tammy Cardona apologized for being rude.

48.     Defendants' Assistant Vice President Kozlowski once told Plaintiff that she would never be promoted. In early May 2015, Defendants gave Plaintiff a "final warning" for allegedly being late. This happened when Plaintiff had complained that employees who non-African American, younger than 40 years of age and/or not disabled were also late, took continuous "smoke breaks," and took long lunch breaks. Rather than ensuring that all employees, including Plaintiff, were treated fairly, Defendants continued to unfairly discipline Plaintiff.

49.     On or about May 18, 2015, Defendants terminated Plaintiff for "excessive use of company time." In other words, Defendants accused Plaintiff of stealing time for the Defendants. At the time of Plaintiff's termination, Defendants had in place a policy that allowed employees to take 22 minutes per day for "incidentals" outside of scheduled breaks and lunches.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

50.     Following Plaintiff's complaints about racial discrimination and her objections to Defendants' unfair treatment of Plaintiff due to her disabilities, Defendants retaliated against Plaintiff by, on multiple occasions, denying Plaintiff of promotion opportunities, by giving Plaintiff a bad evaluation, by pretextually disciplining her, by micromanaging her workload, and ultimately by terminating Plaintiff's employment. After Plaintiff's discrimination complaints, management retaliated against her, denied her several promotions, reduced evaluation score, subjected her to different terms and conditions regarding discipline, and ultimately terminated her.

51.     Michael Hoefel was not suspended or fired for his racist actions. Instead, he was promoted by Defendants and is still employed by Defendants.

52.     Defendants' discriminatory actions and uncalled for retaliation have caused Plaintiff mental pain, frustration, and suffering. Her termination only triggered additional ailments such as anxiety, depression, lack of self-esteem, and severe stress.

53.     Plaintiff's mental estate and finances have been severely damaged by Defendants and, as a result, Plaintiff began seeing therapists. To date, Plaintiff is still seeing a therapist because of Defendants discriminatory actions.

54.     Defendants' discrimination of Plaintiff is of the type that warrants punitive damages.

## **COUNT I: VIOLATION OF THE ADA – DISABILITY DISCRIMINATION**

55.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

56.     Plaintiff is, and at all times relevant was, a disabled individual. Alternatively, Defendants, at all times relevant, regarded Plaintiff as disabled.

57.     Plaintiff's medical condition qualified as a disability or was regarded as a disability by Defendants, within the meaning of the ADA.

58.     Defendants were aware of Plaintiff's medical condition and disability or perceived disability.

59.     At all times during her employment, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

60.     Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

61.     Defendants terminated Plaintiff because of her disability or perceived disability, in violation of the ADA.

62.     As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

63.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

64.     The unlawful employment practices complained of in paragraphs 1-48 were intentionally done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the ADA;

b.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: VIOLATION OF THE ADA – FAILURE TO ACCOMODATE

65.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

66.     Plaintiff's condition qualified as a disability or was regarded as a disability by Defendants, within the meaning of the ADA.

67.     Plaintiff requested a reasonable accommodation for her disability as described in the General Allegations section of this Complaint.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

26.     Defendants did not make a good faith effort to assist Plaintiff in seeking accommodations.

27.     Plaintiff could have been reasonably accommodated but for Defendants' lack of good faith.

28.     Defendants could have reasonably accommodated Plaintiff, without any undue hardship to its business, but failed to do so.

29.     Instead of reasonably accommodating Plaintiff in good faith, Defendants engaged in campaign of retaliation against Plaintiff and unlawfully terminated Plaintiff.

30.     As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

31.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

32.     The unlawful employment practices complained of in paragraphs 1-50 were intentionally done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

   **WHEREFORE**, Plaintiff requests that this Honorable Court:

   a.   Enter judgment in Plaintiff's favor and against Defendants for their violations of the ADA;

   b.   Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

c. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT III: VIOLATION OF THE ADA – RETALIATION

68.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

69.    Plaintiff objected to actions of the Defendants based on her disability, or perceived disability.

70.    Defendants subsequently negatively changed the terms of Plaintiff's employment and ultimately terminated Plaintiff.

71.    Defendants' stated actions were motivated by intent to retaliate against Plaintiff for her protected activity under the ADA.

72.    Defendants violated the ADA or acted with reckless disregard for whether their actions were prohibited.

73.    As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

74.     Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

75.     The unlawful employment practices complained of in paragraphs 1-50 were intentionally done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants for their violations of the ADA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff punitive damages based on Defendants' willful and/or reckless conduct;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT IV: VIOLATION OF TITLE VII - DISCRIMINATION BASED ON PLAINTIFF'S RACE

76.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

77.     Plaintiff is a member of a protected class of black, African American citizens.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

15

78.     Plaintiff was and is qualified for the positions she applied and for the position she held during her tenure at the Defendants.

79.     During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a discriminatory environment, as more fully described supra, because she belongs to the black, African American race.

80.     The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

81.     The offensive and discriminatory remarks and conduct referred to in this complaint were substantially motivated by Plaintiff's race: African American.

82.     Similarly situated employees such as everyone that has been named in this complaint are not African American. They are not and were not subjected to the same conduct Plaintiff was subjected to as detailed in this complaint.

83.     The Defendants' discriminatory behavior was part of a custom, pattern and practice of unlawful harassment and discrimination of employees who are African American.

84.     Defendants' discriminatory behavior included the harassment perpetrated against Plaintiff, including the showing of the mimicked lynching of Lebron James; the disciplinary actions taken against Plaintiff; the failure to promote Plaintiff; the disparate treatment with regard to non-African and African American employees; and Plaintiff's termination.

85.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

86.     Plaintiff's race was a motivating factor for her harassment, her disciplinary actions, her demotion, her bad review, the disparate treatment, and her termination.

87.     Plaintiff has suffered damages of an ongoing and continuous nature.

88.     The unlawful employment practices complained of in paragraphs 1 to 54 were intentionally done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.     Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

b.     Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c.     Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.     Award Plaintiff prejudgment interest on her damages award;

e.     Award Plaintiff punitive damages;

f.     Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.     Award Plaintiff reasonable costs and attorney's fees; and

h.     Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT V: VIOLATION OF TITLE VII
### HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RACE

89.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

90.     Plaintiff is a member of a protected class of citizens who belong to the African American race.

91.     Plaintiff was and is qualified for the positions she applied during her tenure at the Defendants and for the position she held while she worked for Defendants.

92.     During the course of Plaintiff's employment with the Defendants, Plaintiff was subjected to a hostile work environment, as more fully described supra.  This conduct was substantially motivated by Plaintiff's race.

93.     The offensive and discriminatory remarks and conduct referred to in this complaint were offensive to Plaintiff and would be offensive to a reasonable person.

94.     The offensive and discriminatory remarks and conduct referred to in this complaint were sufficient severe and pervasive and altered the terms and conditions of her employment.

95.     Similarly situated employees such as those whose names appear in this complaint and who are not African American, were not subjected to the same conduct referred to in this complaint.

96.     Defendants were aware the hostile work environment Plaintiff was subjected to and took no remedial action to cease such behavior.

97.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

98.     Plaintiff's race was a motivating factor for the Defendants to create and maintain a hostile work environment around Plaintiff.

99.     Plaintiff has suffered damages of an ongoing and continuous nature.


**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

18

100.   The unlawful employment practices complained of in paragraphs 1-50 were intentionally done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against the Defendants for their violations of Title VII;

b.   Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c.   Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.   Award Plaintiff prejudgment interest on her damages award;

e.   Award Plaintiff punitive damages;

f.   Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.   Award Plaintiff reasonable costs and attorney's fees; and

h.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## <u>COUNT VI: VIOLATION OF TITLE VII - RETALIATION</u>

101.   Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

102.   Plaintiff objected to the series of discriminatory actions taken against her based on her race as described in this complaint.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

103.    Defendants' actions against Plaintiff after her complaints and objections to discrimination were motivated by an intent to retaliate against Plaintiff for her protected activities under Title VII.

104.    Defendants willfully violated Title VII or acted with reckless disregard for whether their actions were prohibited.

105.    As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

106.    Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

107.    The unlawful employment practices complained of in paragraphs 1-50 were intentionally done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

    a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the Title VII and of 42 U.S.C. § 1981;

    b.  Award Plaintiff actual damages suffered, including lost wages, lost of fringe benefits and damages;

    b.  Award Plaintiff compensatory damages under Title VII and under 42 U.S.C. § 1981 for  embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

    d.  Award Plaintiff punitive damages based on Defendants' willful  and/or  reckless conduct;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

e.   Award Plaintiff's prejudgment interest on her damages award;

f.   Award Plaintiff's reasonable costs and attorney's fees; and

g.   Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VII: DISCRIMINATION BASED AGE
## IN VIOLATION OF THE ADEA – DISPARATE TREATMENT

108.   Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

109.   At all times material, Plaintiff was and is over 40 years old, and is within a protected class of individuals.

110.   Plaintiff was qualified to perform her job.

111.   At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by, *inter alia*, treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment because of Plaintiff's age.

112.   As more fully described above in paragraphs 42 and 48, and in accordance with Assistant Vice President Kozlowski statement, Defendants began to hire individuals younger than 40 for Plaintiff's position, in an effort to replaced workers like Plaintiff who were 40 years of age or older. Defendant also began to unfairly discipline, criticize and punish workers who were 40 years of age or older, including but not limited to Plaintiff.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

113.    The disparate treatment of Plaintiff by Defendant was due to Plaintiff's age. Plaintiff's colleagues who were similarly situated, but younger than Plaintiff, were not treated similar to Plaintiff.

114.    The disparate treatment of Plaintiff by Defendant was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

115.    Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from disparate treatment.

116.    Although Defendant was made aware of the hostile work environment and disparate treatment Plaintiff was subjected to, Defendant failed to adequately address Plaintiff's complaints.

117.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

118.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

119.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

B.     Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit, and damages;

C.     Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

D.     Award Plaintiff prejudgment interest on her damages award;

E.     Award Plaintiff reasonable costs and attorneys' fees; and

F.     Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VIII: RETALIATION BASED ON AGE
## IN VIOLATION OF THE ADEA – TERMINATION

120.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 54 of this Complaint above as if set out in full herein.

121.     At all times material, Plaintiff was and is over 40 years old, and is within a protected class of individuals.

122.     Plaintiff was qualified to perform her job.

123.     Plaintiff engaged in a protected activity when she complained/objected to Defendant about discrimination, hostility, and disparate treatment in the workplace due to her age. Specifically, Plaintiff complained that Defendants unfairly disciplined, criticized and punished workers who were 40 years of age or older, including but not limited to Plaintiff, in an effort to "fire all the old people and keep all the young people." Although Plaintiff complained, nothing was done.

124.     Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the ADEA by terminating Plaintiff because Plaintiff complained about discrimination, hostility, and disparate treatment in the workplace due to her age.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

125.    Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADEA.

126.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

127.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

128.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

B.    Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit, and damages;

C.    Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

D.    Award Plaintiff prejudgment interest on her damages award;

E.    Award Plaintiff reasonable costs and attorneys' fees; and

F.    Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

## RAND LAW, LLC AND SAENZ & ANDERSON, PLLC

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

Dated: April 6, 2021.

  /s/Jasmine Rand
**Jasmine Rand, Esquire**
FBN: 0077047
**RAND LAW, L.L.C.**
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
(305) 906-6400 Telephone
(305) 503-9235 Facsimile
Email: jasminerand@gmail.com
*Trial Counsel for Plaintiff*

  /s/Tanesha W. Blye
Tanesha Walls Blye, Esquire
Fla. Bar No.: 738158
E-Mail: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
E-Mail: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
E-mail: msaenz@saenzanderson.com
**SAENZ & ANDERSON, PLLC**
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Trial Counsel for Plaintiff*

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS